# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

SHANE CONKIN,              )
                           )
        Plaintiff,         )
                           )
    v.                     )    No. 4:08CV838 SNL
                           )
CHARLES DWYER, et al.,     )
                           )
        Defendants.        )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 512054), an inmate at Crossroads Correction Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $11.83. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $59.17, and an average monthly balance of $21.33. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $11.83, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon

which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Specifically, plaintiff alleges that defendants failed to protect him from an alleged sexual assault by his cellmate during his incarceration at Potosi Correctional Center in August of 2000. Plaintiff also appears to be complaining about the medical care he received after the alleged sexual assault in August of 2000. Named as defendants are: Charles Dwyer (Superintendent, Potosi Correctional Center), Unknown Hanie (caseworker), Unknown Hausmann (caseworker), John Doe #1 (correctional officer), Tracey Unknown (nurse), Unknown Donn (correctional officer), Jane Doe (medical administrator), John Doe #2 (investigator), Missouri Department of Corrections ("MDOC") and Correctional Medical Services ("CMS").

## Discussion

Plaintiff's claims, which arise from events which allegedly occurred in August of 2000, are untimely and therefore subject to dismissal.[1] See, e.g., Sulik v. Taney County, Mo., 393 F.3d 765, 766-67 (8th Cir. 2005) (noting that § 1983 claims are analogous to personal injury claims and are subject to Missouri's five-year statute of limitations); see also, Mo. Rev. Stat. § 516.120(4).[2]

Accordingly,

---

[1]"Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915[] when it is apparent the statute of limitations has run." Myers v. Vogal, 960 F.2d 750, 751 (8th Cir. 1992).

[2]The Court additionally notes that in September of 2003, plaintiff filed a substantially similar action. See Conkin v. Luebbers, et al.,Case No. 4:03CV1275 SNL. In that case, plaintiff made allegations similar to those in the instant case and identified defendant Al Luebbers as the superintendent of the Potosi Correctional Center and named John Does #1-5 as additional defendants. The Court dismissed plaintiff's case against defendant Luebbers for his failure to exhaust his administrative remedies with respect to his claims against Luebbers, and additionally because plaintiff's complaints sounded in *respondeat superior*. Plaintiff's claims regarding defendants' failure to provide him with adequate medical care following the alleged sexual assault were also dismissed as a result of his failure to exhaust his administrative remedies with respect to those claims. Plaintiff's conditions of confinement claims against the remaining John Doe defendants (relating to plaintiff's contentions that he was unlawfully housed with a sexually violent inmate) were dismissed without prejudice after he failed to provide the Court with names and addresses at which these defendants could be served with process.

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $11.83 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's motion for defendants to provide to the Court defendants' addresses and names [Doc. #5] and plaintiff's motion to assign to track case management order [Doc. #6] are **DENIED AS MOOT**..

An Order of Dismissal will accompany this Memorandum and Order.

Dated this  7th  day of July, 2008.

*/s/ Stephen N. Limbaugh*
_____
SENIOR UNITED STATES DISTRICT JUDGE